IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION
2:10 cr 14-6

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| HUMBERTO LONGORIA MORENO, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**THIS MATTER** coming on before the undersigned on March 24, 2011 for the purpose of conducting an arraignment hearing and to further conduct a hearing as to status of counsel for defendant. At the call of this matter on for hearing, neither the defendant was present nor did any attorney appear on behalf of defendant. From the foregoing and the records in this cause, the undersigned makes the following findings.

**Findings.** On March 14, 2011 the undersigned conducted an initial appearance hearing for defendant. Along with defendant was his attorney Lionel Aron Pena, Sr. of Edinburg, TX. Mr. Pena stated that he wished to appear as attorney for defendant. At that time, the undersigned advised Mr. Pena and defendant of the provisions of LCrR 44.1. Mr. Pena advised that local counsel would be retained to appear with Mr. Pena in the matter. At that time, the undersigned set the case for arraignment hearing and also to determine whether or not Mr. Pena had complied with LCrR 44.1.

**Discussion.** LCrR 44.1 provides as follows:

ADMISSION AND APPOINTMENT OF COUNSEL

(A) **Civil Local Rules for Admission are Applicable to Admission in Criminal Cases.** The admission and appearance of counsel are governed by LCvR 83.1. Such civil local rule is adopted herein as if fully set forth. Appointment of counsel is governed by Title 18 and the district's Criminal Justice Act Plan.

(B) **Additional Considerations for Representation in Criminal Proceedings.** The Sixth Amendment guarantees that each defendant in a criminal matter has the right to be represented by an otherwise qualified attorney whom that defendant can afford to hire, or who is willing to represent the defendant even though he is without funds. The Court makes every effort to ensure that a defendant's right to counsel of his choice is protected. To that end, a defendant hs the following choices in a criminal matter and may

(1) represent himself if he voluntarily elects to do so;

(2) request that the Court appoint counsel based upon a showing of indigency;

(3) hire an attorney who is a member of the Bar of the Western District of North Carolina; or

(4) hire an attorney who is not a member of the Bar of the Western District of North Carolina, but who meets at least one of the following criteria:

   (a) is a member in good standing of the Bar of the Eastern District or Middle District of North Carolina;

   (b) is a member in good standing of any state, district, or territorial Bar of the United States and is appearing with a member in good standing of the Bar of this Court, who moves on behalf of such out-of-state attorney admission *pro hac vice*, which motion is granted; or

   (c) is a member in good standing of any state, district, or territorial Bar, and moves for and is granted "special admission" upon a showing of good and adequate cause.

"Special admission" (admission without association of local counsel) is conditional admission to the Bar, and shall not be granted absent a showing of good cause. The right to counsel includes the right to effective assistance of counsel; therefore, a request for special admission requires averment of familiarity with North Carolina trial practices as well as the Local Rules. Even when special admission is allowed in a criminal matter, the Court reserves the right to require specially admitted counsel to associate local counsel at any time.

At this point, Mr. Pena has not complied with the above set forth rules. An examination of the file does not show that a member of the Bar of the United States District Court for the Western District of North Carolina has made an appearance on behalf of defendant, nor does it show that any motion has been made on behalf of Mr. Pena for admission *pro hac vice*. Mr. Pena has not filed a motion for special admission and therefore, at this point in time, Mr. Pena cannot make an appearance for the defendant in this court. After closing the hearing on March 24, 2011, a Waiver of Arraignment (#111) was filed that was dated March 21, 2011 and which was signed by Mr. Pena and defendant. Due to the fact that Mr. Pena has not been allowed to appear in this matter under any of the alternatives set forth by LCrR 44.1, the Waiver of Arraignment will be struck from the record and the undersigned will set this matter for arraignment and status of counsel for April 1, 2011 at 9:30 a.m.

## ORDER

**IT IS, THEREFORE, ORDERED** as follows:

1) That the Waiver of Arraignment (#111) filed in this matter is hereby **STRICKEN** and is ordered to be of no force and effect;

2) That defendant appear for an arraignment hearing and status of counsel issues at **9:30 a.m. on APRIL 1, 2011.** Defendant is advised that if he does not appear an order for his arrest may be issued. If there has been compliance with LCrR 44.1 and a new Waiver of Arraignment has been filed by qualified counsel and signed by defendant prior to April 1, 2011 then the hearing will be cancelled.

Signed: March 25, 2011

*Dennis L. Howell*
Dennis L. Howell
United States Magistrate Judge