**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**BRYSON CITY DIVISION**
**CRIMINAL CASE NO. 2:10cr14-6**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| | ) | |
| **HUMBERTO LONGORIA MORENO.** | ) | |
| | ) | |

**THIS MATTER** is before the Court on the Defendant's First

Supplemental Motion to Dismiss by Reason of Speedy Trial [Doc. 128],

filed April 25, 2011.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

On August 3, 2010, the Defendant was charged along with five other

co-defendants in a bill of indictment with a single count of conspiracy to

possess with the intent to distribute marijuana, in violation of 21 U.S.C. §§

841 and 846.  [Doc. 3].  A superseding bill of indictment was returned on

February 2, 2011, charging the Defendant and co-defendant Thomas Lee

Cook[1] again with conspiring to distribute marijuana and with conspiring to

commit money laundering, in violation of 18 U.S.C. § 1956.  [Doc. 96].

---

[1]By the time that the superseding bill of indictment was returned, the other four
co-defendants already had pled guilty and were awaiting sentencing.

The Defendant was arrested on the original bill of indictment on September 30, 2010, in the Southern District of Texas. He appeared in court on that date with his counsel, L. Aron Pena. The court temporarily detained the Defendant and scheduled a detention hearing for October 5, 2010. On that date, the Defendant waived his identity hearing pursuant to Rule 40 of the Federal Rules of Criminal Procedure and was released on a secured bond to report on his own to the Western District of North Carolina. [See Doc. 101 (Criminal Docket for Case No. 7:10-mj-02653-6 (S.D. Tex.)].

Although the Federal Rules of Criminal Procedure require that "when a defendant is transferred and discharged, the clerk must promptly transmit the papers and any bail to the clerk in the district where the offense was allegedly committed," Fed. R. Crim. P. 5(c)(3)(E), the clerk in the Southern District of Texas did not contact the Clerk in this District to obtain a court date, nor was the file transmitted as required. As the Clerk was not notified of the Defendant's status, and the Defendant made no known effort to contact the Court to schedule a court date, his case was not put on the Court's docket. After the Government inquired about the Defendant's status, the Clerk of this Court investigated and discovered that the Defendant had appeared and had been released on bond in the Southern District of Texas. The case was then promptly scheduled for an initial

appearance in this Court on March 14, 2011.  At that time, the Defendant appeared with his counsel and was once again released on bond.  The Defendant's case was scheduled for trial during the Court's May 31, 2011 trial term.

On April 6, 2011, the Defendant filed a motion to dismiss the indictment based upon a violation of the Speedy Trial Act.  [Doc. 123].  On April 11, 2011, that motion was dismissed without prejudice for failing to comply with the LCrR 47.1.  [See Docket entry dated April 11, 2011].  Having now complied with the Local Rules, the Defendant renews his motion to dismiss.  [Doc. 128].  The Government opposes the Defendant's motion.  [Doc. 129].

## II.   ANALYSIS

The Speedy Trial Act, 18 U.S.C. § 3161 (the "Act"), sets forth certain time limitations and exclusions to assure that criminal cases are not unnecessarily delayed.  "In enacting the Speedy Trial Act, Congress sought to effectuate the Sixth Amendment guaranty of a speedy trial by limiting the amount of time allowed to pass between a defendant's indictment and trial."  United States v. Jarrell, 147 F.3d 315, 316 (4th Cir. 1998).

The Defendant first argues in his Motion to Dismiss that the Speedy Trial Act was violated because he was not arraigned within thirty days of

his initial appearance. The Act, however, contains no such requirement. The Act does require that a bill of indictment "be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges." 18 U.S.C. § 3161(b). In the present case, the Defendant was indicted *prior* to his arrest in the Southern District of Texas. Accordingly, the Defendant's case presents no violation of § 3161(b).

The Defendant further argues that the Speedy Trial Act was violated because he was not tried within 70 days of his initial appearance in the Southern District of Texas. Again, the Act contains no such requirement. The Act requires that "the trial of a defendant charged in an . . . indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the . . . indictment, *or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs*." 18 U.S.C. § 3161(c)(1) (emphasis added). Here, the Defendant appeared before the Magistrate Judge in this District on March 14, 2011. As such, the 70-day time limit for trial has not yet passed.

The Court agrees with the Government that it is regrettable that the clerk of the Southern District of Texas failed to notify the Clerk of this Court

in a timely fashion so that this case could have been resolved sooner. The Defendant has failed to show, however, that this delay deprived him of his right to a speedy trial. Accordingly, the Defendant's motion to dismiss is denied.

**IT IS, THEREFORE, ORDERED** that the Defendant's First Supplemental Motion to Dismiss by Reason of Speedy Trial [Doc. 128] is **DENIED**.

**IT IS SO ORDERED**.

Signed: May 10, 2011

Martin Reidinger
United States District Judge