## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## BRYSON CITY DIVISION
## 2:10 cr 14-6

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Vs.** | ) | **ORDER** |
| | ) | |
| **HUMBERTO LONGORIA MORENO.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court pursuant to the Order of United States District Judge Martin Reidinger (#138) referring this matter to the undersigned for a status of counsel hearing. Judge Reidinger's Order was made as a result of a motion (#135) for hearing regarding a conflict of interest filed by the government. In the motion, the government presented a contention that counsel for Defendant Moreno was also representing an alleged co-participant in a conspiracy, that being Albert Espinoza (2:09cr29). On July 5, 2011 a hearing was conducted on the motion at which both Defendant and the government were present and represented by counsel. Also present at the hearing was Albert Espinoza, the defendant in file 2:09cr29, and Mr. L. Aron Pena, attorney for Mr. Espinoza and Mr. Moreno. After the filing of the Order of the District Court, Mr. Pena had filed a Motion to Withdraw (#145) as counsel for Defendant. At the hearing, Defendant Moreno was represented by Kenneth Snow, attorney of Charlotte, North Carolina who made a general appearance

on his behalf.

At the hearing, the Court explained to Defendant the nature of the perceived conflict, the representations that had been made to the undersigned concerning a potential conflict of interest, the serious nature of the charges pending against Defendant, and Defendant's right to request independent counsel to explain the right to a conflict free representation as well as Defendant's legal options. The undersigned further offered to Defendant an opportunity to discuss the matter fully and completely with his new attorney, Mr. Snow.

After offering such explanation, the Court afforded Defendant an opportunity to speak, confer further with counsel or ask the Court any questions the Defendant might have. Without equivocation, Defendant stated that he understood his rights regarding a conflict free representation; that Defendant did not have any objection to Mr. Pena being allowed to withdraw as counsel for Defendant; and, that Defendant had no objection to Mr. Pena continuing to represent Albert Espinoza.

Rule 44(c) requires the Court to take prompt action when the possibility of a conflict of interest arises in a criminal matter:

### (2)    The Court's Responsibilities in Cases of Joint Representation

The court must promptly inquire about the propriety of joint representation and must personally advise each defendant of the right to the effective assistance of counsel, including separate representation. Unless there is good cause to believe that no conflict of interest is likely

to arise, the court must take appropriate measures to protect each defendant's right to counsel.

Fed.R.Crim.P.44(c)(2).

Based on the record before the Court as developed at the hearing, the Court finds that after the motion (#135) for hearing was filed by the government and the Order (#138) that was entered by Judge Reidinger, Mr. Pena promptly filed a motion to withdraw as counsel for Defendant herein. Mr. Snow has made a general appearance for Defendant. Mr. Pena has advised the Court that he has made no disclosures whatsoever to Mr. Espinoza about anything that was revealed to him by Mr. Moreno and conversely that he has not made any disclosures to Mr. Moreno about any statements that were made to him by Mr. Espinoza. Mr. Moreno has no objection to the withdrawal of Mr. Pena or to Mr. Pena continuing to represent Mr. Espinoza in his appeal.

Having conducted the inquiry required by Rule 44(c)(2), the undersigned finds that there is good cause to believe that any conflict of interest in this matter has been resolved. Mr. Pena has promptly filed a motion to withdraw as counsel for the Defendant Moreno and Defendant Moreno has retained Mr. Snow, who has made a general appearance. The undersigned will enter an Order allowing the motion to withdraw of Mr. Pena and will allow Mr. Pena to continue in his representation of Mr. Espinoza.

# ORDER

**IT IS, THEREFORE, ORDERED** that having conducted a Rule 44 inquiry, the undersigned will, by separate Order, **ALLOW** the Motion to Withdraw (#145) of Mr. Pena and Mr. Snow will now be shown as counsel representing Defendant Moreno.

Signed: July 12, 2011

Dennis L. Howell
United States Magistrate Judge